Argued December 8, affirmed December 31, 1969

DIAMOND FRUIT GROWERS, INC., *Appellant, v.* STATE TAX COMMISSION, *Respondent.*

463 P.2d 359

*Wayne C. Annala,* Hood River, argued the cause for appellant. With him on the brief were Annala & Lockwood, Hood River.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General and Richard A. Uffelman, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER,

Sloan, O'Connell, Goodwin,[*] Denecke and Holman, Justices.

## SLOAN, J.

Plaintiff qualifies for the tax benefits of the "processors' exemption statute" ORS 308.250. Subsection (1) of that statute fixes the assessment date for all personal property at January 1 of each year. Subsections (2) and (3) provide that the January 1 assessment may be cancelled for certain processed agricultural products. The property was canned fruits in this instance. The cancellation is allowed for goods in the "hands" of a processor "while being transported to or held in storage in a public or private warehouse," if the processed fruit was "transported or shipped to another point before May 1 of the year of assessment."[1] The issue in the instant case is to decide how much of plaintiff's canned fruit had met the statutory test before May 1 of 1966.

Plaintiff operates a cannery and several warehouses in Hood River. In the storage of its canned fruit, plaintiff frequently moved quantities of the canned fruit from one of its warehouses to another. With a single exception, this transportation or movement was only for the purpose of convenient storage. The canned fruit is stored in "bright" unlabeled cans in the several warehouses until it is sold. When orders for sale are received, the cans of fruit are moved to a warehouse designated as Big 7. That warehouse is the only one equipped for labeling and shipping. All of the fruit is shipped from that warehouse.

---

[*] Goodwin, J., resigned December 19, 1969.

[1] Before a 1953 amendment the statute allowed the cancellation only if the personal property "was sold and transported, etc." before May 1.

Plaintiff contends that any transportation of its canned fruit from one warehouse to another for whatever purpose meets the "another point" requirement of the statute and that the assessment of that fruit should be cancelled. The tax court correctly held that such a construction of the statute would produce an absurd result beyond any possible intent of the statute. We concur in that portion of the tax court opinion.[2]

Affirmed.

---

[2] 3 OTR Adv Sh 275 (1968).